**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Darlene Anguiano, | Case No.: 2:26-cv-00363-GMN-MDC |
| Petitioner | **Order** |
| v. | |
| William Reubart, *et al.*, | |
| Respondents | |

Petitioner Darlene Anguiano moves for leave to file her Amended Petition for Writ of Habeas Corpus ("Amended Petition" (ECF No. 9)) and for a scheduling order (ECF No. 10).

Anguiano tentatively calculated the federal statute of limitations under 28 U.S.C. § 2244(d) and because the limitations period may expire on or about May 27, 2026, she requests leave to file her Amended Petition as a protective petition. Anquiano further requests issuance of a scheduling order that provides for the opportunity to file a Second Amended Petition that reflects her counsel's thorough review, research, and investigation.

The motions essentially seek to pursue a "two-step" procedure whereby Anguiano: (a) files an initial counseled Amended Petition preserving all then-known claims potentially free of possible relation-back or timing issues; and (b) thereafter potentially files a Second Amended Petition after federal habeas counsel has had a full opportunity to independently investigate all potential claims. *See, e.g., McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev., May 29, 2014) (explaining the court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before

federal habeas counsel would be able to conduct a complete investigation). *See also Xiao Ye Bai v. Nevada*, 2021 WL 246110, at *1 (D. Nev. Jan. 25, 2021). The Court finds that Anguiano has shown good cause to utilize the two-step procedure here and, therefore, grants her motions.

**IT IS THEREFORE ORDERED:**

1. Petitioner Darlene Anguiano's Motion for Leave to File Document (ECF No. 9) is granted.

2. The Clerk of the Court is kindly directed to file Anguiano's Amended Petition (ECF No. 9-1) and the attached Exhibits and Index of Exhibits (ECF Nos. 9-2 through 9-18) on the docket.

3. Anguiano's Motion for Scheduling Order (ECF No. 10) is granted.

4. The Federal Public Defender, through Jonathan M. Kirshbaum, Esq., is appointed as counsel for Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).  Counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

5. Petitioner will have until September 28, 2026, to file a Second Amended Petition and/or seek other appropriate relief. This deadline and any extension thereof may not be construed as implied findings regarding the federal limitation period or a basis for tolling.  Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a Petition or Amended Petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

6. Respondents must file a response to the Second Amended Petition, including

potentially by motion to dismiss, within 60 days of service of a Second Amended Petition.  Petitioner may file a reply within 30 days of service of the answer. However, Local Rule LR 7-2(b) governs the response and reply time to any motion filed by either party, including motions filed in lieu of a pleading.

7. Any procedural defenses Respondents raise to the counseled Amended Petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived.  Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a procedural-defense response.  If Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, may be included with the merits in an answer.  All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

8. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

9. Respondents must file the state court exhibits relevant to their response in chronological order.

10. All state court records and related exhibits must be filed in accordance with LR IA

10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).  Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

11. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED:     June 29, 2026

_____

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE